UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| OSCAR GUILLEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:05-cv-245-RLY-WGH |
| ) | |
| CRAIG HANKS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, this action must be dismissed for lack of subject matter jurisdiction.

**Background**

The following is established by the pleadings and by the expanded record:

1.  Petitioner Guillen challenges his conviction in an Indiana state court docketed as No. 45D08-9407-CM-07368 (hereafter "the state conviction").

2.  Guillen is presently in custody pursuant to a conviction other than the state conviction. His present custody is challenged in a separate habeas action pending in this District.

3.  Guillen previously challenged the state conviction in federal court, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). That prior habeas action was dismissed with prejudice in *Guillen v. Hanks,* No. 3:96cv680 (N.D.Ind. January 7, 1997).

**Discussion**

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996).

Mr. Guillen has previously challenged the state conviction in federal court. His habeas petition was dismissed with prejudice.

This action was submitted without authorization from the Court of Appeals. This action, therefore, must be **dismissed for lack of jurisdiction**. Judgment consistent with this Entry shall now issue.

The petitioner's motion for judgment on the pleadings and enlargement of time filed on February 1, 2006, is **granted** to the extent that the clerk shall supply the petitioner with a copy of the docket, and is in all other respects **denied** as inapt to the development and resolution of this case.

**IT IS SO ORDERED.**

Date:   02/15/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana